FILED
 2008 Apr-23  AM 09:52
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ERNEST KIRKSEY,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**UPS GROUND FREIGHT, INC,** )<br>)<br>Defendant. )<br>)<br>) | Civil Action Number<br>**2:08-cv-452-UWC** |

## MEMORANDUM OPINION ON THE COURT'S JURISDICTION

The present action was initiated by plaintiff Ernest Kirksey against his former employer, United Parcel Service ("UPS") in the Circuit Court of Jefferson County, Alabama, asserting wrongful termination claims pursuant to both the Alabama Workers Compensation Act and the Family Medical Leave Act ("FMLA"). UPS filed a timely removal to this Court asserting federal question jurisdiction pursuant to the FMLA and diversity of citizenship jurisdiction.

Kirksey filed a document styled "Plaintiff's Response to Defendant's Notice of Removal," (Doc. 40), in which Kirksey asks this Court to remand this action to state Court. Given this request, the Court will treat Kirksey's "response" as a Motion to

Remand.

In his Motion, Kirksey notes that FMLA claims may be maintained in Federal or state court. 29 U.S.C. § 2617. Kirksey also contends that UPS has failed to properly establish diversity of citizenship. Plaintiff's arguments are unavailing.

The FMLA provision allowing a plaintiff to "maintain" an FMLA claim in either federal or state court does not preclude a defendant from removing an FMLA claim on the basis of federal question jurisdiction. Given the defendant's right to remove the FMLA action, any questions regarding diversity jurisdiction are irrelevant. Accordingly, this Court finds that it has jurisdiction over the FMLA claims asserted by Kirksey.

The workers compensation claims, on the other hand, are not within this Court's jurisdiction. Even if UPS satisfies the diversity requirement, federal law prohibits this Court from maintaining jurisdiction over the workers compensation claims. *See Reed v. Heil Co.*, 205 F.3d 1055, 1060-61 (11th Cir. 2000) (finding that federal district court, which had jurisdiction of federal ADA claim, could not retain jurisdiction over workers compensation retaliation claim).

Accordingly, by separate order, the workers compensation claim will be remanded. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966); *In re Decorator Industries, Inc.*, 980 F.2d 1371, 1373 (11th Cir. 1992)(citing 28 U.S.C. §1447(c) (acknowledging that a "district court may remand a case back to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter

jurisdiction.'")

Done this 22nd day of April, 2008.


_____
U.W. Clemon
United States District Judge